**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TARA HART,

    Plaintiff,

vs.                                                                                CASE NO. 3:10-cv-531-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## **O R D E R**

This case is before the Court on Plaintiff's Consent Petition for Attorney Fees (Doc. #24, Petition), filed November 15, 2011. Plaintiff's counsel requests an award of $4,243.50 in attorney fees pursuant to the Equal Access to Justice Act (hereinafter referred to as EAJA). Plaintiff advised Defendant does not have an objection to the payment of fees as set forth in the Petition (Doc. #24, ¶ 8), and, in fact, no response to the Petition has been filed. Thus, the matter is ripe for the Court's consideration.

Based upon a review of the information contained within the record, the Court makes the following legal and factual findings:

1. Attorney fees are authorized in this action because Plaintiff, having obtained a sentence for remand/reversal of a denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), and the Commissioner failed to apply the proper legal standards in evaluating the case. Therefore, the Commissioner's position here was not substantially justified. Moreover, Plaintiff filed a timely application for attorney fees. Plaintiff expressly states "Plaintiff's net worth at the time this proceeding was filed was less

than two million dollars" (Doc. #24, ¶ 5), and there are no special circumstances which would make the award unjust).  See 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

2. The amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. § 2412(d)(2)(A).  The awarded fee may not exceed twenty-five percent of the claimant's past due benefits.  42 U.S.C. § 406(b)(1)(A).  There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such a change is not absolutely required.  *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988).  *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion.  *Id.*  Plaintiff's counsel requests an enhancement of the statutory fee rate of $125 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104- 121, §§ 231-33 as codified in 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel argues that the statutory cap of $125 should be raised to $175.06 per hour for services provided in 2010 and to $181.38 per hour for services in 2011 (Doc. #24 at ¶ 6 ).  However, Plaintiff's counsel has calculated an hourly rate which overstates

2

the inflation rate. Therefore, the Court will award a proportionate increase in the hourly rate based on the year the services were performed. The Court in its discretion has determined that the hourly rates of $173.79 per hour for services provided in 2010, and $180.34 per hour for services provided in 2011, are reasonable when factoring in the Consumer Price Index as a guide for an attorney in Jacksonville, Florida, to be compensated under the EAJA.[1]

3. The Court's review must consider not only the reasonableness of the requested hourly rate for attorney fees, but also whether the number of hours claimed for attorney fees under the EAJA were reasonably expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). In this instance, the Court finds counsel has requested compensation for services as legal counsel that appear to be clerical in nature and should be subsumed within overhead costs. *See Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) *citing to Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000). Plaintiff has requested three tenths (.3) of an hour for a phone conversation with the Court's Office of the Clerk concerning counsel's failure to submit the required USM285 forms with the application for Plaintiff to proceed *in forma pauperis* (*see* Doc. #24-1, entry dated 06/29/2010; *see also* docket entry dated 06/29/2010, "Staff notes: Requested USM 285 forms from Attorney Jessica Dumas"). Not only does an eighteen (18) minute phone call

---

[1]The Court arrived at its conclusions after visiting the following website: www.minneapolisfed.org (last visited December 1, 2011). The Court refers to this public website for informational purposes only. The Court accepts no responsibility for and does not endorse any content found at this website. Furthermore, the Court's opinion is not affected should this website cease to be available in the future.

seem to be excessive for this type of request, but the substance of the call was clerical in nature. Additionally, Plaintiff has requested fifteen hundredths (.15) of one hour for preparation and mailing of "additional federal forms to client for signature" on July 22, 2010. The Court is unable to ascertain what forms to which counsel might be referring, because the record in this case does not reflect Plaintiff's filing of any additional federal forms after July 22, 2010. Nonetheless, this preparation and mailing of forms is a clerical task, which is improperly categorized as legal services provided by an attorney. See *Sanfilippo v. Comm'r of Soc. Sec.*, No. 8:04-CV-2079-T-27MSS, 2008 WL 1957836, *2 (M.D. Fla. May 5, 2008) (time spent by counsel correcting one's own errors, performing clerical tasks, and duplicative time entries are not compensable) (internal citations omitted); *Holmes v. Astrue*, No. C/A No. 3:08-1829-CMC-JRM, 2010 WL 3220085, *2 (D.S.C. Aug. 12, 2010) (clerical tasks are not billable as legal work, even if performed by an attorney). On the record of this case, the Court declines to find the forty-five hundredths (.45) of an hour from the two referenced entries was time reasonably expended by the attorney, and thus compensable under the EAJA. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d at 1301. Thus, the Court will deduct .45 hours from the number of hours for which Plaintiff seeks an EAJA award, finding twenty-three and seven tenths (23.7) hours were reasonably expended by Plaintiff's counsel in this federal litigation.[2]

4. In light of *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528-29 (2010) (establishing that any award of attorney fees under the EAJA is subject to offset by the government of any debt owed by the plaintiff to the United States), this Court finds the best practice is to award

---

[2]The .45 hours that the Court reduced were reflected in the billing hours of Ms. Dumas.

the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award. Thus, the Court leaves it to the discretion of the government to accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff counsel after a determination that Plaintiff does not owe a federal debt (*see* Doc. #24 , ¶ 7).

5. The Court thus finds that $4,135.20 ($173.79 x 21.2 hours + $180.34 x 2.5 hours) is a reasonable amount for attorney fees in this case.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff's Consent Petition for Attorney Fees (Doc. #24), is **GRANTED** to the extent set forth above..

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $4,135.20 for attorney fees.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of December, 2011.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any